**cc: USBC (SFV),1:25-10897-MB**

**JS6**

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

In re Maruzella Bognoli,

PLAINTIFF(S)

v.

DEFENDANT(S)

CASE NUMBER

2:26-cv-01297-RGK

ORDER ON REQUEST TO PROCEED
*IN FORMA PAUPERIS*
(NON-PRISONER CASE)    **[5]**

The Court has reviewed the Request to Proceed *In Forma Pauperis* (the "Request") and the documents submitted with it. On the question of indigency, the Court finds that the party who filed the Request:

☐ is not able to pay the filing fees.    ☐ is able to pay the filing fees.

☒ has not submitted enough information for the Court to tell if the filer is able to pay the filing fees. This is what is missing:

Appellant did not completely answer all the question on the Request. (ECF No. 5.)

**IT IS THEREFORE ORDERED** that:

☐ The Request is GRANTED.

☐ Ruling on the Request is POSTPONED for 30 days so that the filer may provide additional information.

☐ The Request is DENIED because the filer has the ability to pay.

☒ As explained in the attached statement, the Request is DENIED because:

☐ The District Court lacks ☐ subject matter jurisdiction ☐ removal jurisdiction.

☒ The action is frivolous or malicious.

☐ The action fails to state a claim upon which relief may be granted.

☐ The action seeks monetary relief against defendant(s) immune from such relief.

**IT IS FURTHER ORDERED** that:

☐ Within 30 days of the date of this Order, the filer must do the following:

If the filer does not comply with these instructions within 30 days, this case will be DISMISSED without prejudice.

☒ As explained in the attached statement, because it is absolutely clear that the deficiencies in the complaint cannot be cured by amendment, this case is hereby DISMISSED ☒ WITHOUT PREJUDICE ☐ WITH PREJUDICE.

☐ This case is REMANDED to state court as explained in the attached statement.

February 24, 2026
_____
Date

_Gary Klausner_
_____
United States District Judge

CV-73 (07/22)         ORDER ON REQUEST TO PROCEED *IN FORMA PAUPERIS* (NON-PRISONER CASE)

On February 8, 2026, Appellant filed a Notice of Appeal from a ruling of the United States Bankruptcy Court for the Central District of California, in Case No. 1:25-bk-10897-MB (C.D. Cal.).  (ECF No. 1.)  On February 19, 2026, Appellant filed a Request to Appeal In Forma Pauperis pursuant to 28 U.S.C. § 1915. (ECF No. 5.)  Appellant challenges a ruling of the Bankruptcy Court denying her motion for judicial recusal, change of venue, and removal of the bankruptcy trustee.  (ECF No. 1 at 3.)

Appellant currently is appealing this same order in three other actions before this Court, in Case No. 2:26-cv-01209-FMO, Case No. 2:26-cv-01295-JLS, and Case No. 2:26-cv-01296-AB.  (ECF No. 5-1 at 1.)  The appeal in Case No. 2:26-cv-01209-FMO, which Plaintiff characterizes as the "lead" case, predates this appeal.  (Id.)

The Court has reviewed the instant Notice of Appeal to determine whether the appeal is frivolous or malicious; fails to state a claim on which relief may be granted; or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B).  An action is frivolous or malicious when it "merely repeats pending or previously litigated claims." Cato v. United States, 70 F.3d 1103, 1105 n.2 (9th Cir. 1995); see also Daker v. Ward, 999 F.3d 1300, 1308 (11th Cir. 2021) ("[D]uplicative actions are properly dismissed as frivolous or malicious.") (collecting cases).  A second action is duplicative if it "involves (1) the same causes of action as the first; and (2) the same parties or their privies."  Mendoza v. Amalgamated Transit Union International, 30 F.4th 879, 886 (9th Cir. 2022).

The instant appeal is duplicative of Plaintiff's earlier, still-pending appeal in Case No. 2:26-cv-01209-FMO. The two appeals challenge the same ruling.  "[Parties] generally have no right to maintain two separate actions involving the same subject matter at the same time in the same court and against the same defendant." Adams v. California Dep't of Health Services, 487 F.3d 684, 688 (9th Cir. 2007), overruled on other ground by Taylor v. Sturgell, 553 U.S. 880, 904 (2008).  Appellant is warned that she must refrain from filing duplicative appeals.

Because the instant appeal is duplicative, it is dismissed.  See Pittman v. Moore, 980 F.2d 994, 995 (5th Cir. 1993) ("Ordinarily, . . . the district court confronted with the later-filed action should dismiss it in favor of the case that was filed earlier.").  The dismissal is without prejudice to the litigation of the earlier, pending action.  See id. ("Because of the basis of dismissal, it should have been without prejudice to [Plaintiff's] prosecution of the duplicative pending suit (including any assertions therein of any of the claims in the instant suit)[.]"); see also Aziz v. Burrows, 976 F.2d 1158, 1159 (8th Cir. 1992) (affirming dismissal of a duplicative complaint as frivolous, but modifying the judgment "to reflect the dismissal is without prejudice").

*(attach additional pages if necessary)*